**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Juan Salazar,<br><br>               Plaintiff,<br><br>v.<br><br>Thunderbird Restaurants LLC, et al.,<br><br>               Defendants. | No. CV-24-00668-PHX-KML<br><br>**ORDER** |

Plaintiff Juan Salazar alleges he was not paid the wages he was owed for the time he worked at T-Bird Tavern. Salazar asserts two Fair Labor Standards Act ("FLSA") claims, an Arizona Minimum Wage Act ("AMWA") claim, and an Arizona Wage Act ("AWA") claim. (Doc. 33.) Those claims are asserted against six defendants (collectively, "Thunderbird") that Salazar identifies as connected to T-Bird Tavern. The six defendants answered the complaint and asserted counterclaims. (Doc. 35.) Salazar moves to dismiss the counterclaims for lack of subject matter jurisdiction, but if subject matter jurisdiction exists, he asks the court to decline to exercise that jurisdiction. (Doc. 36 at 3–13.)[1] Salazar also argues three of the counterclaims do not state a claim upon which relief can be granted. (Doc. 36 at 13–17.)

**I.  Background**

Thunderbird Restaurants LLC owns and operates T-Bird Tavern restaurant in Arizona. (Doc. 35 at 4.) The ownership structure and operations of T-Bird Tavern involve

---

[1] Salazar's motion does not have an ECF-generated header, so citations are to its internal pagination.

a variety of limited liability companies and individuals. According to Salazar, Troy Brandt and Kelley Albert Cordova are the individuals ultimately responsible for T-Bird Tavern, but they "played a game of corporate fragmentation to minimize personal liability" for the restaurant. (Docs. 33 at 7, 38 at 2.) Brandt and Cordova created separate limited liability companies to act as the members and managers of T-Bird Tavern while Brandt created a separate LLC to act as a staffing agency to hire T-Bird Tavern's workers. (Doc. 38 at 2–3.)

The LLC responsible for staffing hired Salazar as a kitchen manager. (Doc. 35 at 4.) Salazar was to hire, supervise, and pay the kitchen staff. (Doc. 35 at 4.) Salazar alleges he was not paid minimum wage or for his overtime work in violation of the FLSA, AMWA, and AWA. (Doc. 33 at 12–13.) Attempting to cover all individuals and entities who might qualify as his "employer," Salazar alleges his claims against:

1. Thunderbird Restaurants LLC d/b/a T-Bird Tavern;
2. TB Ventures LLC;
3. Ace High Partners LLC;
4. Brandt Placement Services LLC;
5. Troy Brandt; and
6. Kelley Albert Cordova.

(Doc. 33 at 1.) All defendants are represented by the same counsel and filed a joint answer. (Doc. 35.)

The answer asserts six counterclaims but does not identify which defendant is bringing which counterclaim. It appears five counterclaims are asserted by all the defendants while one counterclaim is asserted only by Cordova. The five brought by all defendants are: negligence, breach of fiduciary duty, assumpsit, breach of contract (Thunderbird), and breach of the covenant of good faith and fair dealing. The final claim, brought only by Cordova, is another breach of contract claim based on an unexplained $2,000 loan Cordova made to Salazar. (Doc. 35 at 8.) For every counterclaim except the assumpsit and Cordova breach of contract claim, Thunderbird copies-and-pastes the exact

same allegations. (*See* Doc. 35 at 5, 6, 7, 8.) Those allegations center around Salazar's managerial misconduct, including failing to act in Thunderbird's best interests, hiring staff who could not legally work, neglecting supervisory duties, mismanaging staff wages, and failing to terminate staff who falsified their identities and/or their work hours. (Doc. 35 at 5, 6, 7, 8.)

## II.  Legal Standard

A Rule 12(b)(1) jurisdictional attack may be facial or factual. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000) (citation omitted). "In a facial attack," like the one here, "the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). The defendants' allegations as they relate to the counterclaims "are taken as true and construed in favor of defendants." *Crespo v. True Ride Inc.*, No. CV-22-01869-PHX-ROS, 2023 WL 3726718, at *2 (D. Ariz. May 30, 2023).

## III.  Analysis

Salazar's motion to dismiss begins with a set of jurisdictional arguments. But in case the court holds jurisdiction exists and opts to exercise it, Salazar also moves to dismiss Thunderbird's claim for negligence, breach of fiduciary duty, and assumpsit for failure to state a claim upon which relief can be granted. Because the court lacks supplemental jurisdiction over all but the assumpsit counterclaim, the court addresses the 12(b)(6) motion as to that claim only.[2]

### A.  Supplemental Jurisdiction

Salazar asserted a claim under federal law, *i.e.*, FLSA, giving this court original federal question jurisdiction. 28 U.S.C. § 1331. He has also asserted similar state-law claims, and the parties appear to agree the court has supplemental jurisdiction over them.

---

[2] Although Salazar moved to dismiss only the negligence, breach of fiduciary duty, and assumpsit counterclaims under Fed. R. Civ. P. 12(b)(6) (Doc. 36 at 13), all counterclaims would be susceptible to dismissal for failure to state a claim because they are comprised exclusively of conclusory allegations with no additional factual support. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face . . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") (simplified).

- 3 -

But Salazar argues the court lacks supplemental jurisdiction over the counterclaims and regardless, it should decline to exercise supplemental jurisdiction if jurisdiction does exist.[3]

Supplemental jurisdiction exists over state law claims that "derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding." *Trustees of Constr. Indus. & Laborers Health & Welfare Tr. v. Desert Valley Landscape & Maint., Inc.*, 333 F.3d 923, 925 (9th Cir. 2003) (simplified). The parties debate whether the counterclaims qualify as compulsory or permissive under Rule 13, but the court need not categorize each counterclaim because the crucial inquiry for supplemental jurisdiction is whether each counterclaim shares a common nucleus of operative fact with Salazar's narrow FLSA and state wage claims. *See id.*; *see also Lannett Co. v. Gratz*, No. CIV. A. 94-1406, 1994 WL 470344, at *7 (E.D. Pa. Aug. 30, 1994) ("[S]upplemental jurisdiction cannot be extended to [defendant's] counterclaim, whether it is compulsory or permissive, because the counterclaim and the plaintiff's claim do not share a common nucleus of operative fact as is required for supplemental jurisdiction.").

Thunderbird repeats the exact same allegations in support of its negligence, breach of fiduciary duty, breach of contract (Thunderbird), and breach of the covenant of good faith and fair dealing counterclaims. (*See* Doc. 35 at 5, 6, 7, 8.) These counterclaims focus on Salazar's hiring and supervision of kitchen staff, his alleged failure to act in the best interests of Thunderbird, and his performance of job duties. (Doc. 35 at 5, 6, 7, 8.) These allegations do not share a common nucleus of operative fact with Salazar's claims.

There is no relationship between the facts necessary for Salazar to prove his claims—that he was paid below minimum wage and not compensated for overtime work— and the facts necessary to prove Thunderbird's counterclaims regarding Salazar's alleged failures as a manager of T-Bird Tavern. *See Ader v. SimonMed Imaging Inc.*, 324 F. Supp.

---

[3] Salazar's motion appears to conflate the inquiry regarding the existence of supplemental jurisdiction with the inquiry regarding whether the court should exercise supplemental jurisdiction. For example, in one section of his motion Salazar argues the court "should decline to exercise supplemental jurisdiction over" the counterclaims but then discusses cases that found a lack of supplemental jurisdiction. (Doc. 36 at 7–8.)

3d 1045, 1051 (D. Ariz. 2018) (declining to find a common nucleus of operative fact on similar grounds). Although Salazar will need to show how many hours he worked and his compensation for those hours to support his claims (*see* Doc. 33 15–19), Thunderbird will have to focus on showing Salazar stole from it, failed to terminate staff, failed to adequately pay staff, and failed to adequately supervise staff to support its counterclaims (*see* Doc. 35 5–9). It is true that Thunderbird's allegations center around its employment relationship with Salazar (via his alleged failures as a manager of T-Bird Tavern) but the employment relationship on its own "is insufficient to establish supplemental jurisdiction" over counterclaims to FLSA causes of action. *Id.*; *see also Poehler v. Fenwick*, No. 2:15-CV-01161-JWS, 2015 WL 7299804, at *2 (D. Ariz. Nov. 19, 2015) (finding no supplemental jurisdiction because "[t]he only connection between Defendants' contract claims and Plaintiff's FLSA claims is the existence of an employment relationship.").

    Thunderbird's cut-and-pasted allegations claim Salazar also falsified his work hours, a fact which is related to his claims of unpaid overtime. (*See* Doc. 35 at 5, 6, 7, 8.) But that incidental mention—literally half of one of eight copied-word-for-word attacks otherwise focused on Salazar's management of the kitchen—is insufficient to bring the entirety of the counterclaim within the common nucleus of operative fact. The existence of some factual overlap is not enough. *See Jimenez-Orozco v. Baker Roofing Co.*, No. 5:05-CV-34-FL, 2006 WL 8438693, at *6 (E.D.N.C. Mar. 28, 2006) ("The requirement that there be a 'common nucleus' implies that there must be something more than an incidental or superficial factual overlap between the claims; that is, at least one central (or operative) fact must be common to the federal and state claims."); *Toll CA, L.P. v. Am. Safety Indem. Co.*, No. 16-CV-1523-BTM-AGS, 2017 WL 2628059, at *6 (S.D. Cal. June 16, 2017) (declining to exercise supplemental jurisdiction over plaintiffs' proposed new claims because "[e]ven though" they "may overlap" with the already asserted claims "the overlapping facts are not so pervasive, nor so central to each dispute, as to lead to the conclusion that both cases arise from a common nucleus of operative fact" as is required for supplemental jurisdiction). Thunderbird's negligence, breach of fiduciary duty, breach

of contract (Thunderbird), and breach of the covenant of good faith and fair dealing counterclaims are therefore dismissed for lack of subject matter jurisdiction.

Further, even if there were supplemental jurisdiction over these four counterclaims, the court would decline to exercise it because their sprawling and very-different emphasis would lead them to substantially predominate over Salazar's claims. *See* 28 U.S.C. § 1367(c)(2) (giving a court discretion to decline to exercise supplemental jurisdiction if "the claim substantially predominates over the claim or claims over which the district court has original jurisdiction[.]"); *see also* 28 U.S.C. § 1367(c)(4) (court may decline to exercise supplemental jurisdiction for "other compelling reasons"). Allegations like whether Salazar hired and retained kitchen staff who could not legally work, stole from Thunderbird, and failed to adequately supervise kitchen staff have no relationship to the amount of hours Salazar worked and risk turning a narrow wage claim into a wide-ranging employment inquiry. *See Villareal v. El Chile, Inc.*, 601 F. Supp. 2d 1011, 1020 (N.D. Ill. 2009) (declining to exercise supplemental jurisdiction in FLSA case on similar grounds); *Ripley v. PMD Dev. LLC*, No. CV-18-01162-PHX-DLR, 2018 WL 4931750, at *2 (D. Ariz. Oct. 11, 2018) (noting even if it had jurisdiction, court would decline to exercise it over broader counterclaims under 28 U.S.C. § 1367(c)(4)).

Another counterclaim is for breach of contract (Cordova). Breach of contract is a state-law claim over which federal courts do not independently have a basis for jurisdiction. Thunderbird alleges Cordova and Salazar "entered into an agreement[ ] wherein Cordova loaned $2,000" to Salazar and he "agreed to pay it back" but did not. (Doc. 35 at 8.) Thunderbird does not provide any details on the contract. Like the boilerplate counterclaims, this one does not share a common nucleus of operative fact with Salazar's claims. There is no supplemental jurisdiction over it and it is dismissed. *See Ader*, 324 F. Supp. 3d at 1051.

### 1. Assumpsit Claim

Thunderbird alleges in its assumpsit counterclaim that Salazar induced it "to pay him cash based upon representations that he had worked a certain number of hours, which

were inflated and/or non-existent." (Doc. 35 at 7.) Unlike with the counterclaims already discussed, this allegation makes up a substantial portion of Thunderbird's assumpsit allegation. This shares a common nucleus of operative fact with Salazar's claims regarding the number of hours he worked, there is therefore supplemental jurisdiction over it, and the court will exercise that jurisdiction to a limited extent.

The court will not exercise supplemental jurisdiction over the other portions of Thunderbird's assumpsit claim regarding whether Salazar "retained money from Thunderbird that did not belong to him" or whether "Thunderbird further provided [Salazar] with cash to pay the kitchen staff based upon the number of hours worked[ ]" (Doc. 35 at 7) because that would lead to the counterclaim substantially predominating over Salazar's claims. *See* 28 U.S.C. § 1367(c)(2); *Villareal*, 601 F. Supp. 2d at 1020 (declining to exercise supplemental jurisdiction over a counterclaim because the FLSA claim "involves the relatively discrete issue of hours worked and wages paid" whereas the "counterclaim would require discovery different from and well beyond that[,]" meaning it "has the potential to predominate over the FLSA claim."); *Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 215–16 (2d Cir. 2004) (noting district court's discretion on remand to use management tools "to prevent the state law claims from predominating").

Salazar additionally moves to dismiss under Rule 12(b)(6) because the assumpsit claim "is in reality a claim for indemnity/contribution by another name and should be dismissed accordingly because the FLSA does not imply the right to contribution or indemnification for employers." (Doc. 36 at 16.) He is correct that "the FLSA does not imply a right to contribution or indemnification for liable employers" and "third-party complaints concerning indemnity or contribution are barred when the federal law in question does not provide indemnity or contribution as a defense." *Scalia v. Emp. Sols. Staffing Grp., LLC,* 951 F.3d 1097, 1105 (9th Cir. 2020); *Zommick v. Lewis Constr. Co. LLC*, No. CV-23-00636-PHX-DJH, 2024 WL 2389642, at *4 (D. Ariz. May 23, 2024).

Salazar does not, however, show that assumpsit is treated the same as a claim for indemnification. *See United States v. S. California Edison Co.*, 300 F. Supp. 2d 964, 988

(E.D. Cal. 2004) ("[I]ndemnity . . . [is] 'the obligation resting on one party to make good a loss or damage another has incurred.'") (simplified); *Arizona Digestive Health Ins. Co. LLC v. Jawahar*, No. CV-20-01046-PHX-SRB, 2021 WL 12300314, at *3 (D. Ariz. Dec. 7, 2021) (assumpsit "is an equitable claim, which requires a showing that 'the defendant has received or obtained possession of money of the plaintiff which in equity and good conscience he ought to pay over to the plaintiff.'") (simplified). So, this argument fails, and the court will exercise supplemental jurisdiction over the assumpsit claim.

### IV.  Conclusion

Thunderbird's negligence, breach of fiduciary duty, breach of the covenant of good faith and fair dealing, and two breach of contract claims are dismissed for lack of subject matter jurisdiction. Its assumpsit claim may proceed only insofar as it concerns the amount of hours Salazar worked.

Accordingly,

**IT IS ORDERED** the Motion to Dismiss (Doc. 36) is **GRANTED IN PART** and **DENIED IN PART** as set forth above. All deadlines set forth in the case management order (Doc. 27) remain in place.

Dated this 7th day of March, 2025.

*[Signature]*
Honorable Krissa M. Lanham
United States District Judge