**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Juan Salazar, | No. CV-24-00668-PHX-KML |
| Plaintiff, | **ORDER** |
| v. | |
| Thunderbird Restaurants LLC, et al., | |
| Defendants. | |

The parties filed a joint notice of discovery dispute. (Doc. 53.) Defendants' portion of that filing indicates they are confused regarding the proper scope of discovery in this case, possibly because they are unfamiliar with how claims under the Fair Labor Standards Act ("FLSA") are litigated. Defendants must provide complete discovery responses.

Plaintiff Juan Salazar worked at T-Bird Tavern and filed this suit alleging he was not paid for all the hours he worked. Salazar propounded wide-ranging discovery requests to establish the FLSA applies and to establish his job responsibilities, hours worked, and the financial relationships between defendants. Defendants argue Salazar "is utilizing the discovery process to search for a claim and shift both the burdens of proof and production to Defendants." (Doc. 53 at 5.) Defendants then cite three cases allegedly establishing that it is improper to use discovery to "locate claims." (Doc. 53 at 5.) All three of those cases were at the pleading stage. This case is not. Salazar stated claims and he is entitled to pursue discovery to support those claims. Defendants' argument regarding fishing expeditions is wrong.

To prevail in a FLSA case, a plaintiff must obtain information regarding gross sales, the employer's recordkeeping, and which entities or individuals qualify as the "employer." That is, to determine whether the FLSA applies, Salazar is entitled to seek discovery regarding defendants' annual gross sales and/or revenue. Similarly, to determine whether defendants' alleged failure to pay proper wages was willful, Salazar is entitled to seek discovery regarding defendants' policies and procedures. He is also entitled to know who was responsible for recordkeeping. And to determine whether some sort of FLSA exemption might apply, Salazar is entitled to know defendants' view of his job tasks and responsibilities.

Salazar also is entitled to the production of all communications between him and defendants, or between defendants regarding Salazar's work, because they may show the number of hours he worked or defendants' knowledge of his working hours. It should be obvious that Salazar would not have copies of all such communications, such as any emails on an internal system (assuming such a system exists). Finally, defendants argue that Thunderbird "a separate legal entity" is the only possibly responsible party. The FLSA imposes liability on all "employers" as that term is legally defined. Entities and individuals beyond Thunderbird might qualify as "employers" and Salazar is entitled to determine the financial relationship between defendants.

Accordingly,

**IT IS ORDERED** defendants must provide complete responses to all of the discovery requests listed in Doc. 53 within thirty days of this order.

Dated this 8th day of April, 2025.

*Krissa M. Lanham*

Honorable Krissa M. Lanham
United States District Judge